Good afternoon, Your Honors. May it please the Court, Deputy Public Defender Tracy Cassadio for Petitioner Appellant Nathan McKinney. I'd like to reserve perhaps 90 seconds for rebuttal if I may so aspire. This is the third time this case has been before this Court on this particular petition. On the same question of whether an instruction that allowed the jury to infer that Mr. McKinney was guilty of the charged crimes, if it found he committed uncharged prior acts by a preponderance of the evidence. This Court's last order on remand determined that this claim was raised in Mr. McKinney's first timely petition and that petition was denied through the application of procedural bars Dixon and Waltrius. The issue, the first issue for the Court to address today is whether Mr. McKinney's theory of cause and prejudice, which is ineffective assistance of appellate counsel, was properly exhausted in the state court. Edwards v. Carpenter says that McKinney could exhaust that claim if he raised it in a matter that allowed the state court to entertain it. So what I would like to do is actually look at the form petition to see what the state court actually required of Mr. McKinney. And you can find that form petition on page 86. To find the what petition? The form petition that pro se petitioners use to file petitions. I see what you're saying. It's on ER 86 is where Mr. McKinney begins to plead his first ground for relief, which is his Winship claim. And if we look at letter A, which is in the middle, there's a nice description of what the petitioner needs to do to state the facts of his claim. First of all, it asks him to tell his story briefly without citing any cases or law. It then says if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do. You know, there's an inference, but you said it cases or law. You added that it says, or maybe I'm missing something. Um, letter a yes. I'm there. Tell your story briefly without citing. Oh, I'm sorry. I jumped right past that to the rest of it. I'm with you. No, that's okay. No, okay. I'm there. Um, the third thing that it says is it provides a rule of thumb to petitioners. It says, tell us who did exactly what to violate your where? Mr. McKinney satisfied this standard. He identified the who as his direct appeal counsel. He identified the what as the failure to preserve a federal constitutional issue, i.e. his underlying Winship claim. And he said well, i.e. his underlying Winship claim is a bit of an inference right there. And also it wasn't to preserve, he said to federalize. I mean, it seemed pretty clear what he was really saying was that there was a mistake because he should have made it a federal claim, not just a state claim. He also said that petitioner would not be able to raise it in federal court by way of habeas corpus until the issues of federal constitutional violations are heard by this court. So I think that that does go to whether or not counsel preserved the underlying claim. Now, it is a law of the case that the underlying claim is a Winship claim. Um, it might be an inference that he's referring to that underlying claim, but it's hard to know what else he could be referring to, uh, given the placement of this paragraph. Um, he makes clear that counsel failed to raise constitutional infirmities. He asks for relief for his ineffective assistance appellate of appellate counsel claim, which would be that the court hear his underlying claim. He, um, Warren insists that it has to be fled as an independent claim. In other words, I'm not not, which I infer means not as cause for reaching a different claim, but as an independent ground for relief. Is that what Murray versus carrier says? It uses that language, Your Honor. I my reading of that language is that it is actually differentiating a cause theory for a ground for relief. This is that what it's doing, or is it differentiating a independent, a existence, ineffective assistance of counsel claim from the from the merits claim, which is more in your favor, it seems to me, if that's what they're saying, they're not. They don't care whether it's raised as an independent claimers as cause for another claim, but it has to be an independent assistance of counsel claim, not a merits claim. That what they're saying? What are they saying? You know what? I think it's very unclear, and I think that because it's unclear and because this seems to be a rule that only applies to ineffective assistance of appellate counsel claims, perhaps it's not a rule that actually applies to pro state petitioners. Why? Why is it? Wait, wait, wait. Why is it only apply to ineffective assistance of appellate counsel? The independent claim language, I believe, refers specifically to ineffective assistance of appellate counsel as cause. I mean, that was the case in Murray, but I don't know why that I didn't interpret it as being limited to that. But anyway, go ahead. To multiple interpretations, I would agree. The fact is that it's unclear. And can we hold a pro state petitioner to satisfying that burden when we're not even sure what it is? I also want to point the court going back to E. R. 86 at the bottom. Um, small letter B. It says supporting cases, rules or other authority optional. To me, this suggests that Mr McKinney under state law in order to entertain the claim, they did not require Mr McKinney to cite Strickland v Washington. It was optional. Therefore, according to the instructions in the form petition, Mr McKinney did everything that he was required to do in order for the California Supreme Court to entertain the claim. Thus, I submit the claim is exhaustion. Let's just assume for a moment that he did, you know, given all the deference, not petitioners petition and whatnot. Let's just assume that he presented it. What about the prejudice part? The California Supreme Court ultimately said that not the identical instruction here, but the one that's virtually very similar to it was okay. In Loy. In Loy, Your Honor, that's correct. Now, that is a very different case from the one before us. That case involved prior a prior conviction that had already been proved by beyond a reasonable doubt. And one thing this court said in Doe v Busby, when it was considering the application, anything in Loy emphasize that mention it make anything of it? It did not, Your Honor. Well, it did say something about well limit the facts in front of us. Now, it didn't precisely say because there were convictions instead of allegations, but it did say something about this day and train only. Yes, and it could have overruled all the cases that found the instruction unconstitutional. It chose not to. It chose to limit its holding to the facts before it. I don't know the answer to this. Go ahead. I don't know the answer to this. Does the California Supreme Court usually do that? Overruled? I can't. I wasn't aware that it did. I can't answer that question either. Obviously, when it finds decisions that are wrong, it does overrule them. I don't know specifically what all of its policies are. But it's not overruling itself. It's a court of appeals. And ordinarily, if the Supreme Court reverses us, it doesn't say and we're overruling all courts for appeals cases that have held held otherwise. I think I'm simply suggesting that because it limited itself to the facts before it, it reached a very limited holding. Whereas I think it could have reached a broader holding that would have effectively overruled those California... It went through and cited just about every case that had been decided on these issues in the courts of appeals. They did. And it didn't seem to differentiate. They acknowledged that the courts were badly split. Some courts held this, some courts held this. They then said, on these facts, this is what we decide. And those facts were a prior conviction. Which they never even mentioned. They mentioned it as a fact, but that was it. But what I do wonder about is that this would all matter, I guess, because of Lockhart, the Supreme Court case. In terms of the timing of... And I'm not sure... Does Lockhart clearly apply here? Because in Lockhart, what you had... Here, we still have the Gibson line of cases here in the court of appeals. Yes. There's still the law here, right? Yes, Your Honor. The US Supreme Court has not overruled our cases. Correct, Your Honor. So it seems to me to be a somewhat different situation from Lockhart, where the case being relied upon was squarely overruled. That should have been relied upon during the trial or during the appeal, whichever it was, was squarely overruled by the US Supreme Court. It clearly was no more. But this one, this principle isn't necessarily clearly no more. It's not no more as a matter of California constitutional law, but it lives in a ninth circuit. So I don't know what that says about what a trial lawyer should have... Or an appellant lawyer should have done. Well, we know when we're looking at cause of prejudice, we're looking at a federal question and we're looking at it de novo. I have struggled with, what's the choice of law here? Because we don't have clear law on the California side. It's not a choice of law question. The choices of law is a federal constitution. The question is, which court... Do we matter anymore? Or have we just gone flying off the radar screen with regard to what California lawyers should do or should have done? Well, I think we certainly matter, Your Honor. And one thing this court has said in regard to its own rule is that it's a very different rule when dealing with prior uncharged conduct versus a prior conviction. This court has viewed cases involving prior convictions. This court has said, this instruction is completely superfluous and unnecessary. And in Doe v. Busby, where this court reaffirmed its holding in Gibson, it distinguished its own case involving a prior conviction and said, that case doesn't apply here at all. And it's really the same thing here in regard to Loy. Loy doesn't apply here at all because it involved charged conduct. Or I'm sorry, a prior conviction. Two questions. First off, what's the standard of likelihood of success that we apply for determining prejudice here? A reasonable probability of a different result, Your Honor. And second, when we're talking about reasonable probability of successful result, are we confined to what the California courts would have done? Or do we also look as to what the federal courts would have done on habeas? I think you can look at both. That is to say that gets us to Gibson. Correct, Your Honor. And the answer might be different if we had a clear answer from the state courts, but we don't. So I think that you can... Let's suppose we did. What would the answer be? I thought there was some case where I was saying you don't look at the habeas, although I don't know why you wouldn't, but... Aren't we dealing with ineffective assistance of appellate counsel in the state court? Yes. So isn't habeas counsel different? Well, we're still... The ineffectiveness is failure to raise this instruction claim in the state courts, right? Correct. By the appellate lawyer, correct. Right. But failure to raise it, if it's an excusable failure to raise it, means you don't get habeas. One thing that Martinez says is that trial counsel has a duty to preserve issues for federal habeas. I would take that from that, that appellate counsel has an equal duty to preserve issues for federal habeas. This counsel did not do that, and he was on notice that this was a viable claim. I thought... Well, I haven't really read Martinez, but I wasn't aware it said that. Go ahead. Would you like a citation, Your Honor? No, that's fine. Okay. Why don't we hear from the other side? You've got fewer than 90 seconds, but we'll make sure both sides get a chance to say what they need to say. Okay. Thank you, Your Honor. May it please the court, Supervising Deputy Attorney General Michael Johnson, on behalf of the warden. Could you speak into the mic, please? Certainly. Is this better, Your Honor? Yes, it is. Unless the court wants me to start somewhere else, I thought I would actually jump into the merits of the issue, because I think that the court has identified some interesting questions about the procedural issues, but the court could also certainly dispose of this petition on the basis that the ultimate instructional claim is without merit. Do you want us just to get there? Are you saying it's fine with you if we get past all of those? That would make our life easier, if you want to say that. I'm certainly not conceding the procedural issues, Your Honor, but I do think that one way the court could easily dispose of the petition would be to go to the merits. That's certainly permissible. And to overrule Gibson? No, my point is that the claim being raised by Petitioner here is actually quite different from the claim that was at issue in Gibson and Doe. Those cases dealt with the pattern propensity instruction in its unadorned form, so to speak. In this case, the trial judge, I think, very astutely stopped and gave an extra instruction to the jury. Well, I think he just explained what the instruction just said, and then he kind of mumbled it at the end. Well, a couple things, Your Honor. I think that what he did was he reconciled the two standards of proof, which is exactly what Gibson and Doe say. Well, he started as if he meant to, but he never quite got there. Well, what the court said was he stopped and said, I don't want you to get confused by these two different standards of proof. He said the, and I'm paraphrasing admittedly, I don't want to read the entire thing, but he said on my reading, the preponderance standard applies to the prior acts, and he finishes up by saying the guilt of the defendant must be proved beyond a reasonable doubt. So I don't think there's... Although when he says that, it's in a phrase where he kind of corrects himself, and if I were sitting as a juror hearing him, and I don't, you know, this is normal sort of misspeak that everybody does, but if you're relying on that to say that he clarified, I'd have trouble with saying that he really did clarify because he didn't state it very clearly when he got to the end. When he got to the key point, he matched his words. Your Honor, I think to the extent that the problem with the instruction is that the jury might have taken away that the preponderance standard is what applied. I just don't think there's a reasonable likelihood in this case that the jury could have come away with that impression, given the clear statement at the end, the guilt of the defendant must be proved beyond a reasonable doubt. With respect to the judge stumbling over his words, I think obviously the extemporaneous additional instruction was not, you know, as polished as the official revised instruction. I also think it's interesting, because my friend on the other side has made something of this stumbling, that it's certainly possible, I think, that the paragraph break is not quite correct. I think one reasonable way to read this is certainly that the judge said something like it need only be proved. There was a period after proved? Well, my reading would be it need only be proved by preponderance of the evidence that I just defined, preponderance of the evidence, and then a break. On the other hand, the guilt or innocence of the defendant, I think evidence is also clearly a typo. In which case, I think that the bungling argument loses some of its force. If we rewrite the transcript? Well, I think that's a reasonable way to read it, to the extent that that the other side is relying on. Well, it's a reasonable way to read it, maybe, but you're telling me that the transcript's wrong based upon how it might have been reasonable for the judge to say it. That's a pretty slender read. Well, Your Honor, again, I just think that that that is a reasonable interpretation of it. I'm not saying that the words were necessarily any different, except for the evidence. Does this go toward, ultimately, and we never got to this with your opponent, the ultimate question here is whether there are merits, is whether it's a structural error or a Strickland standard of prejudice, right? Well, ultimately, the question is whether harmless error applies. Well, well, it's not exactly harmless error. It's Strickland harmless error, which is prejudice, right? On the merits of the question, which I think is what we're talking about. Oh, you mean on the merits of the question, even backing out the ineffective assistance? So, going back to the... I think, all right. Well, that being the case, then, is the argument that you're making now going to the notion that there wasn't any problem with the instruction or that at most it was confused and therefore subject to harmless error? My argument is, first and foremost, that there was no due process violation. The instruction was... Well, that seems difficult for the reasons Judge Fletcher is suggesting. This is at least rather than an ambiguous instruction rather than an erroneous instruction. And that leads, as I understand it, to a different harmless error standard. Well, there is some tension in the case law. The last three-judge panel to look at the harmless error question found that this was structural error. Well, it depends what this is. I mean, you're arguing that this is not the same as Gibson. When I'm in the sense that it's all just fine or that this is not the same as Gibson in the sense that it is a different kind of due process error if it's a due process error? I don't think it's... Or a different kind of Winship. It's not... It's more of a ambiguous jury instruction problem than a Winship problem directly. Well, I think the standard is ultimately whether the jury would... Whether there's a reasonable likelihood the jury would have read the instruction in an impermissible way. And I don't understand petitioner's claim to be any different than the due process claim that was issued. Well, the jurors wouldn't have... They heard him make his ad... His ad lib statement, but that wouldn't have gone in. He sent the jury instructions into the jury room, but that little comment that he added wouldn't have been included in the written instructions. That's true, Your Honor, but the... The spoken instructions are certainly the instructions that are given to the jury. I don't... I don't think that the fact that they may not have been written down on the form... Well, the jurors want to get back in the juror, and the first thing they do is look at the instructions. Well, Your Honor, the question is just... These instructions were quite lengthy in any of... It was a fairly substantial set of instructions that he gave. Sure, sure. Yeah, as they normally are in an attempted murder case. Again, our position is just that there's no reasonable likelihood, given this clarification, that this clarification supplied... Does your argument turn... Does your position turn on this argument you're making? No. How does Loy fit into your argument? Loy and Lockhart. So, I think the court has correctly identified that argument. It falls under the rubric of Lockhart versus Fretwell, that because this claim was ultimately rejected by the California Supreme Court, the state court proceedings were not rejected. When I was thinking about it most recently, it seems to me that Lockhart is different, for the reason I was suggesting. That is, here, we exist also, and we have a separate line of authority, which leads to a different result. And the US Supreme Court hasn't either agreed with us or agreed with the California Supreme Court. And therefore, the kind of fairness notions that are underlying Lockhart, I'm not sure how exactly they apply here, because it seems quite possible that... Here we are. Why are we here with all this procedural confusion? Because the appellate counsel didn't raise this issue. And the appellate counsel raised an absolutely non viable issue on habeas, and that is... Whether you think you're right or wrong, it's certainly a viable issue on habeas. So, the question is whether the fact... And let's assume for now, contrary to what your opponent said, that Loy is to the contrary, that you're right about Loy. But still, Gibsons and Doe are still there. I think the court's correct. There is a slight difference in that Lockhart versus Fretwell dealt with a pure state law question. So I think that's my memory of Lockhart, is that it was actually the State Supreme Court there, but decided... No, it wasn't. It was the 8th Circuit, but go ahead. Okay. However that was, I think that... Well, I guess the State Supreme Court had some statement that the State Supreme Court would have followed the 8th Circuit, but the definitive law was the 8th Circuit. Yeah, I think I... My recollection is whatever it is, the final word had been given. And so I understand, I think, what the court's asking is that how do we deal with the fact that we've got, say, the California Supreme Court going one way, this court going a different way. Ultimately, the prejudice standard is Strickland's reasonable probability. Strickland focuses on the fairness of the proceedings. The proceedings here were, of course, the state appellate process, the direct appeal. And the 9th Circuit decision... And you don't think a competent lawyer, even if law had been decided, wouldn't have raised the issue at least protectively? Well, I think the lawyer does not have a duty, first of all, to anticipate changes in the law. No, I'm saying... Much before Gibson. Let's suppose law had already been decided, but the Gibson line of cases was still out there. Would a competent lawyer not have, in a footnote, reserved the question so as to avoid a non-exhaustion problem? Well, this is where it kind of folds back into the merits, I think, Your Honor, because ultimately, I think, the counsel's decision was a reasonable one because this claim was different, which made it a lot weaker. So I think that however one approaches that question of prejudice, our position ultimately comes down to the claim would not have been meritorious under the state court decisions that existed at the time of the appeal. It would not have been meritorious under Loy, and it is not meritorious under Gibson and Doe. That's ultimately, I think, where our position lands on that question. I think there are some interesting ramifications to this Lockhart analysis, one of which, I think, is perhaps that in calculating the reasonable probability, how do we determine that ultimately under this sort of hypothetical situation where counsel would have raised it on appeal? We assume that it got rejected. Now it's an AEDPA case. Yeah, this is a really hard question, actually, for me as to what might have happened had this case gone to the California Supreme Court instead of Loy. In this case, the prior episodes are far from convictions. It's four episodes to which the victim is really the only witness who said it happened this way. Several of them, she was the only one there. As to the episode in the car, the nephew says it didn't happen. I mean, they're pretty weak. And I think any respectable prosecutor is going to want to put them in. But then the question is, what weight is attached to them? And boy, those are really different from convictions. I think, Your Honor, that actually shows that the instruction in this case was not quite as significant as it might have been in a different case where perhaps very compelling evidence from a different source might have come in. In this case, defense counsel stood up and said, the only question for the jury is whether you believe Ms. Glaster beyond a reasonable doubt. And he made that reasonable doubt the centerpiece of his argument. He re-read the reasonable doubt instruction. So I actually think that that is a significant thing in this case, that counsel could have looked at and determined that this was... But I'm trying to figure out what the California Supreme Court would have done had it not had a case, and as it looks at this instruction, had it not had a case where you had convictions. Because in the convictions case, they say on these facts, without quite telling us what facts they are confining us to. I understand, Your Honor. I think that it's just not a fair reading of Loy to say that that decision depended on the prior conviction. When we read Loy, it talks all about the arguments of counsel, the repeated reasonable doubt instructions. The only time it mentions the prior convictions is in relation to a separate argument that was made by the defendant in that case, which was that the trial court had failed entirely to define the preponderance standard. And so the court said, that's not really an issue here, because since they were prior convictions, they obviously met the reasonable doubt standard, which is even higher. Could you address for just a moment the exhaustion question? Yes, I was gonna ask if I could have an extra minute or so to do that, Your Honor. The claim is procedurally defaulted, and cause cannot be shown because the ineffective assistance of counsel claim was not exhausted. And that is because Murray v. Carrier requires, under normal exhaustion principles, a petitioner to take a cause theory that is also an independent constitutional claim to the state court first. So the question ultimately is, did the state court have a fair opportunity to adjudicate the Sixth Amendment? I think that's a fairly decent argument that, partly given on what he did say, and partly what the form instructed him to say, like citing... On the first one, and I had not picked that up initially, it says, don't cite cases or law. And then the next part B, it says, optional to cite cases or law. It says, just tell us what happened. Well, he does tell us what happened. He says it in a lay sort of way, but he's blaming the appellate counsel. I understand, Your Honor. I think that we certainly don't dispute that a pro se petition is construed more liberally, nor do we think that there are mechanistic formal requirements for raising this kind of claim. Again, it comes back to, would the state court, looking at this petition, have felt that it was called upon to decide the Sixth Amendment ineffective assistance? Well, are you saying it wouldn't because it wasn't in a separate place? It wasn't a separate claim? No, Your Honor. Are you saying it wouldn't because it didn't use the words ineffective assistance of counsel? Or are you saying it wouldn't because it said, my lawyer screwed up, but Murray says screwing up isn't enough, it has to be constitutionally ineffective, and that's something different? Or what are you saying? I don't think that there are any magic words that the petitioner needs to say. I think it's more of a holistic determination, so I don't know if that's satisfying, but... Well, it isn't very satisfying, because particularly when you're putting a procedural obligation on somebody, it would be nice to know what it is. Well, it is to clearly state a Sixth Amendment claim. I think the fair reading of this first state habeas petition... He does have Sixth Amendment in the heading. In the heading, but he says the trial court violated the Sixth Amendment in the heading. So I think it's pretty clear that that didn't relate to any actions of counsel. Well, ultimately, the way... In effect, the reason ineffective assistance is a constitutional claim is because it is ultimately attributed to the trial court, isn't it? That's one of the things Murray says. It says, the lawyer screwing up is not itself a claim, but if the trial court's appointing the lawyer, then it's the government's problem. Your Honor, I just think that that would be quite a stretch to say, then, that the trial court violated the Sixth Amendment raises an ineffective assistance of counsel claim, that the state court would have looked at that. I think the fair... Isn't that sort of what Murray says? Murray is funny, because it says, the lawyer making a mistake, even a big one, isn't an excuse. But because of the relationship, the appointed counsel role, if the appointed counsel is constitutionally ineffective, then that is an excuse. I understand that, Your Honor. Maybe, let me approach it from a slightly different angle. I think that a fair reading of that first petition is that what he was saying was, the claim didn't get federalized, I'm now federalizing it so that I can take it to state court. I think that's what the state court would have looked at that petition and thought that it said, not that it was asking the state court to adjudicate a Sixth Amendment claim. And I do wanna also underscore that I don't think it's an onerous requirement, and this case is a good example. Well, it's not onerous. The question is whether he satisfied it. That's correct. I was just gonna point out that in this case, petitioner filed five state habeas petitions, he raised four ineffective assistance claims. Clearly, it was something that he knew how to do and could do. Of course, the question is, did he do that in this case? But I think the contrast is illustrative. Okay. Any further questions from the court? No. Okay, thank you. Thank you. Now, we took the opposing counsel over time. Let's put two minutes on the clock and see what happens. Thank you, Your Honor. Judge Berzon, I believe you asked what would the CSC have done. The best that I can point to is People v. Falsetta. And there, the court said, because the trial court failed to instruct that they couldn't... That the jury could not convict based solely on the prior acts, the trial court erred in instructing the jury. It's not a perfect thing for me to offer you. There was no constitutional claim made as to that failure in Falsetta. But they did find it error. The other thing that we can look to is the fact that they changed the jury instruction at all. The jury instruction was revised shortly after Mr. McKinney's trial. I assume it was because they realized there was a problem with it. The amendment... At least they were sick of hearing the cases that claimed there wasn't a problem. Possibly. The difference in the revision is that the jury was expressly instructed that the prior act evidence is not sufficient by itself to... What is this going towards? The merits argument? What are we talking about now? What the California Supreme Court would have done. I'm just trying to construct that for you. You're a done lawyer, really, right? So, the amendment said, or the revised instruction says that the prior act evidence is not sufficient by itself to prove guilt beyond a reasonable doubt. That's what's missing here. But the problem was that... If you really wanna know what the California Supreme Court would have done, you have to look at his reasoning. His reasoning was completely unconcerned with the fact that there had been a prior conviction. And instead, it was determined to say that no reasonable jury would have looked at this instruction and thought there was a problem. The instruction here was not less clear. It was, if anything, more clear, since there was a little attempt to clarify it. So, if we're just looking at the instruction... I understand they said this very general thing about under these circumstances, but there's no way to figure out what that meant, other than to look at its reasoning. And the reasoning is not case specific in any way that matters here, is it? I agree, Your Honor. The reasoning did very much expect the jury to be able to synthesize and harmonize these instructions all by itself, and to know that evidence proved by a preponderance, plus an inference, plus a second inference, could not be proved beyond a reasonable doubt. So, I mean, maybe... So, spending energy on figuring out what the California Supreme Court would have done doesn't seem like useful time and energy, because it probably would have done the same thing. The real thing is, well, but we are pretty sure that this court would have done otherwise. So, then the question is, or maybe, probably would have done otherwise. I mean, maybe there's enough different room between some of the facts here and there, but probably not. So, why isn't that what we're worrying about? Why are we worrying about whether the California Supreme Court would have done otherwise? I don't think that we need to. I was simply trying to answer your question. Well, okay. Here's another problem. Let's assume that we do get to look for purposes of prejudice, not only to what the California Supreme Court would have done, but what we would have done on habeas under Gibson. This is an AEDPA case. Your Honor, we don't have a decision on the merits, so 2254 D does not apply. I see. So, we get to do... In terms of predicting what would have happened, Gibson is freestanding. I got it. Gibson is the applicable law, Gibson and Doe v. Busby. So, it's not a... I get it. Yeah, yeah. Okay. Any further questions from the bench? Thank both sides for good arguments in this, unfortunately, procedurally complex case. I hope we don't see you a fourth time. Please, Your Honor. Thank you. All right.
judges: W. Fletcher, Paez, Berzon